1:13-mj-00011-LCL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**RECEIVED**
AUG -6 2013
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

I, Scott H. Helton, United States Postal Inspector, do hereby swear and affirm the following facts as being true to the best of my knowledge, information, and belief:

1. I am a Postal Inspector employed by the United States Postal Inspection Service (Inspection Service) assigned to the Seattle Division. The Seattle Division has responsibility for Inspection Service investigations in Alaska, Washington, Montana, Idaho, and Oregon. I have been employed by the Inspection Service for ten years. I am currently assigned to the Portland, Oregon Domicile. As part of my duties, I investigate the illegal mailing of prohibited substances, including controlled substances and proceeds from the sale of controlled substances. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal offenses. My training and experience includes a Bachelor of Science degree in Sociology and Criminology certificate from the University of Utah, a Doctorate of Jurisprudence degree from Willamette University of College of Law, and 12 weeks of basic Postal Inspector training. I am currently a member in good standing of the Oregon State Bar. As a U.S. Postal Inspector, I am authorized to investigate crimes involving offenses relating to the United States Postal Service (U.S.P.S.). During the course of my employment with the Inspection Service, I have conducted or participated in criminal investigations involving homicide, robbery, assault, burglary, mail theft, identity theft, credit card fraud, bank fraud, wire fraud, mail fraud, the unlawful mailing of dangerous controlled substances, the fraudulent use of stolen or forged

Postal Money Orders, and the fraudulent use of stolen credit card information to purchase merchandise, and the shipping of that merchandise through the U.S. Mail. I have applied for and received more than 50 search warrants in the investigation of offenses relating to the U.S.P.S. I have participated in executing more than 70 federal and state search warrants. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, as well as proceeds of the sale of controlled substances, in violation of Title 18, United States Code, Sections 1716 and 1952(a)(1) and Title 21, United States Code, Sections 841(a) (1), 843(b), and 846.

2. Based on my experience, training and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mails to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances include, but are not limited to the following:

   a. It is a common practice for the shippers of controlled substances and proceeds of the sale of controlled substances to use Express Mail because the drugs arrive faster and on a predictable date, and this system allows shippers to keep track of the shipment. With regards to Express Mail parcels, shippers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling a toll free number.

   b. These parcels in many instances contain a fictitious return address, incomplete return address, no return address, the return address is same as the addressee address, or the return address does not match the place

where the parcel was mailed from. These packages are also sometimes addressed to or from a commercial mail receiving agency (i.e., UPS Store). These address practices are used by narcotics traffickers to hide the true identity of the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c. In order to conceal the distinctive smell of controlled substances from narcotic detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. Also, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer sheets, tobacco or other smelling substances are used to mask the odor of the controlled substances being shipped.

d. When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances may be returned to the shipper. Based on experience and discussions, there are known source states, where controlled substances are mailed from, including California, Oregon, Washington, Arizona, Texas and Illinois.

e. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, and MDMA.

3. In this warrant application, I seek this Court's authority to open and search the contents of U.S.P.S. priority parcel number 9505 5101 9501 3205 4442 38. The parcel was mailed on July 24, 2013 from Alton, Illinois. The parcel is addressed to "Eleanor Gallendo, 247 S. Franklin St., Juneau, Alaska 99801" and has the

return address of "Imming, 4904 Michael DR., Godfrey IL 62035." I seek the Court's authority to search the parcel for controlled substances in violation of Title 21 U.S.C. Sections 841(a)(1) and 843(b) and Title 18 U.S.C. Section 1716.

Relevant Facts Pertaining to U.S.P.S. Priority Parcel number 9505 5101 9501 3205 4442 38

4. On August 2, 2013, I was reviewing parcels that were inbound for delivery in Juneau, Alaska that were mailed from outside of Alaska. I initially noticed U.S.P.S priority parcel number 9505 5101 9501 3205 4442 38 because it was mailed from Illinois and the name on the return address zip code of mailing 62002, differed from the zip code on the return address, 62035. I also noted that Alton, Illinois is a suburb of St. Louis, Missouri.

5. I also noted that the parcel was heavily wrapped in paper and tape.

6. When I examined the parcel more closely, I saw that U.S.P.S priority parcel number 9505 5101 9501 3205 4442 38 met several characteristics that drug traffickers use to prevent the detection of drugs being shipped through the mail. For this parcel, these characteristics included, but are not limited to:

   a. The name for receiver and delivery address do not match. Per Accurint, a law enforcement search database, there is a no record for an "Eleanor Gallendo" at the address 247 S. Franklin Street, Juneau, Alaska. The data provided by Accurint is a combination of records from different data sources which are updated daily, weekly, monthly, and annually, depending on the particular data source. A nonprofit homeless and food shelter called "The Glory Hole" is located at that address. A search of Juneau Police Department records indicates that a employee named "Galindo" is employed at The Glory Hole.

   b. I learned that the name "Imming" was associated with the return address

4904 Michael Drive, Godfrey, Illinois 62035.

c. The corners, seams and all edges of the U.S.P.S. priority parcel number 9505 5101 9501 3205 4442 38 are covered and sealed with packing tape.

7. On August 5, 2013, I contacted Alaska State Trooper L. Dur'an, who is a certified controlled substance detection dog handler. U.S.P.S. priority parcel number 9505 5101 9501 3205 4442 38 was examined by Trooper Dur'an's canine partner Justice and Trooper Dur'an told me that Justice indicated the presence of the order of a controlled substance when he examined U.S.P.S. priority parcel number 9505 5101 9501 3205 4442 38. Trooper Dur'an's statement is attached to this affidavit as Exhibit 1.

8. Based on my training and experience as a Postal Inspector and the aforementioned factors, your affiant believes there is probable cause to believe that the subject package contains controlled substances, and/or other evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716.

FURTHER AFFIANT SAYETH NAUGHT.

**Signature Redacted**
Scott H. Helton
Postal Inspector

Subscribed and sworn to
before me, this 6th day of
August 2013.

**Signature Redacted**
U.S. MAGISTRATE JUDGE

AST CASE NO.         AK13058342

SEARCH WARRANT NO. _____

ATTACHMENT IN SUPPORT OF AFFIDAVIT FOR SEARCH WARRANT

# PERFORMANCE RECORD OF SCENT DETECTION CANINE TEAM INV. DUR'AN & K-9 "JUSTICE"

The facts tending to establish the forgoing grounds for issuance of a search warrant are as follows:

1. The affiant is K-9 handler and Investigator Larry L Dur'an II, who has been an Alaska State Trooper since February 24, 2008. In addition to completing 217 hours of training related to the interdiction of controlled substances, the affiant has completed a 2-week, 80-hour Drug Detection Canine Academy through the Alaska State Troopers K-9 Unit. The affiant and K-9 Justice have been certified as a scent detection team since May 2, 2013.

2. K-9 Justice completed a 2-week, 80-hour Drug Detection Canine Academy through the Alaska State Troopers K-9 Unit and was certified in the detection of the following controlled substances: Cocaine, Heroin, Methamphetamine, Marijuana, and the derivatives thereof on May 2, 2013. K-9 Justice had two prior state certified K-9 handlers and successfully completed two prior Drug Detection Canine Academies through the Alaska State Troopers K-9 Unit.

3. From May 2, 2013 to present, K-9 Justice has been commanded to sniff for the presence of the odor of the previously mentioned controlled substances approximately 73 times during scent detection training and has indicated on 73 of the training substances. K-9 Justice performs blank training searches where no controlled substances are present and also trains in a variety of environments and conditions including, but not limited to, luggage, vehicles, packages, currency, residences, and commercial buildings as part of his maintenance training.

4. Since K-9 Justice's last certification, K-9 Justice has been commanded to sniff for the presence of the odor of the above mentioned controlled substances 105 times during actual controlled substance investigations and has indicated 57 times during those investigations. Subsequent searches and/or interviews have corroborated K-9 Justice's indication to the presence of the odor of controlled substances on 48 of those indications. There has been 09 occasions where K-9 Justice indicated and the reason for the indication remains unexplained.

5. Currently there are 03 of the K-9 indications that are unexplained due to pending search warrants.

6. On 08/05/13, at approximately 1105 hours, K-9 Justice indicated to the presence of the odor of one or more of the above controlled substances coming from a USPS parcel bearing tracking number "9505 5101 9501 3205 4442 38," which was being mailed to "Eleanor Gallendo, 247 S. Franklin St., Juneau, Alaska 99801" and being mailed from "Imming, 4904 Michael Dr., Godfrey, IL 62035."

Title – Inv. Larry L Dur'an II     Signature ⟨     **Signature Redacted**

Subscribed and sworn before me on August 5th at Juneau, Alaska

_____ Notary Public